IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | |
|---|---|
| VONTRICE MARTIN, | Civil Action No.  CV 123-009 |
| Plaintiff, | |
| v. | JURY TRIAL DEMANDED |
| ELECTROLUX HOME PRODUCTS, INC., | |
| Defendant. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff, Vontrice Martin ("Plaintiff" or "Martin"), by and through their undersigned counsel, and files this, her Complaint for Damages, and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Martin brings this action for damages, and reasonable attorneys' fees against Defendant Electrolux Home Products, Inc. ("Defendant") for violations of her rights under the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA") and the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA").

1

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, 42 U.S.C. § 2000e-5(f), and  28 U.S.C. §§ 1343.

3.

The unlawful employment practices alleged in this Complaint were committed within this district.

4.

Therefore, in accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

5.

Martin has fulfilled all conditions necessary to proceed with this cause of action under the ADA.

6.

Martin filed their Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 3, 2022.

7.

Upon Plaintiff's request, the EEOC issued Martin's Notice of Right to Sue on December 15, 2022.

8.

Plaintiff filed this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## PARTIES

9.

Martin is a Female citizen of the United States of America and is subject to the jurisdiction of this Court.

10.

At all times relevant, Defendant was qualified and licensed to do business in Georgia.

11.

At all times relevant, Defendant conducted business within this District.

12.

At all times relevant, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

13.

At all times relevant, Defendant had employed fifteen (15) or more employees.

14.

At all times relevant, Defendant employed fifteen (15) or more employees for the requisite duration under the ADA.

15.

Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

16.

Martin is an "eligible employee" within the meaning of the FMLA.

17.

Martin was employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

18.

During all times relevant hereto, Defendant has employed the requisite amount of employees within the requisite radius under the FMLA.

19.

Specifically, during the times relevant hereto, Defendant has employed fifty or more employees within a 75-mile radius of Martin's employment.

20.

All conditions precedent have been satisfied.

21.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, C T Corporation System, located at 289 S. Culver Street, Lawrenceville, GA, 30046-4805.

## FACTUAL ALLEGATIONS

22.

Martin began working permanently for Defendant in April 2021 as a Team Lead.

23.

In or about 2015 or 2016, Martin began having seizures.

24.

At all times relevant, Martin has suffered from disabilities, as defined by the ADA. In particur, Martin has been diagnosed with epilepsy and hyperthyroidism.

25.

Martin's seizures affect her in the major life activities of driving and concentrating.

26.

Martin's seizures also affect her neurological system.

27.

Defendant promoted Martin to Senior Trainer in 2017.

28.

Around the same time she was promoted, Martin developed hyperthyroidism.

29.

Martin's thyroid condition affects Martin in the major life activities of concentrating, being active for long periods of time.

30.

Martin's thyroid condition affects her endocrine system.

31.

Around when Martin developed her thyroid condition, her seizures worsened.

32.

In 2020, Martin underwent a surgery for her thyroid condition.

33.

Martin experienced complications from that surgery.

34.

Because of her seizures, Martin applied for intermittent FMLA leave.

35.

Defendant granted Martin intermittent FMLA leave.

36.

In February 2022, Martin returned to work full time.

37.

Martin now had a new manager, Jane Wray.

38.

Wray told Martin that because Wray did not know when Martin was going to have a seizure and have to go on FMLA, Defendant wanted Martin to be demoted from Senior Trainer to Agent.

39.

Wray told Martin because of the condition of her health, Wray wanted to demote Martin.

40.

Wray told Martin that because of her intermittent leave, Wray was concerned that Martin was not going to be able to perform as a Trainer.

41.

Wray told Martin because of the condition of her health, Wray wanted to demote Martin.

42.

Martin objected to the demotion.

43.

To be promoted from Agent to Senior Trainer, an employee would have to undergo five promotions to new positions.

44.

The positions between Agent and Senior Trainer are Lead Agent, Senior Agent, Coach, Senior Coach, and Trainer.

45.

Agent is an entry-level position.

46.

Martin complained to Wray that demoting her was discrimination on the basis of her disabilities.

47.

Two weeks after Martin objected to the demotion and complained that it was discriminatory, Defendant placed Martin on a performance improvement plan ("PIP").

48.

Defendant placed Martin on a PIP in retaliation for opposing her disability-based demotion.

49.

Martin had never been written up or received any discipline before she complained that the proposed demotion was discriminatory.

50.

Martin had not worn strapless clothing.

51.

In April 2022, Martin was assigned to teach the largest class of trainees that Defendant had ever had.

52.

Multiple Trainers were required to teach these classes.

53.

In May 2022, Defendant told Plaintiff that she was receiving a final warning because she had not completed her class on time.

54.

However, Martin had been sitting in on the last round of classes.

55.

Martin could also see other Trainers calendars and schedules.

56.

Martin therefore knew that other Trainers were more or just as delayed as Martin was.

57.

At least some, if not all, of the other Trainers, were more or just as delayed as Martin was in terms of completing their classes on time.

58.

Upon information and belief, none of these other Trainers were disciplined in any way for any real or perceived delays.

59.

Upon information and belief, none of these other Trainers had disabilities.

60.

Upon information and belief, none of these other Trainers had asked for or taken FMLA leave.

61.

Upon information and belief, none of these other Trainers had complained of discrimination based on a disability or any other protected characteristic.

62.

Martin was the most senior Trainer out of all the Trainers.

63.

Martin complained to Roxanne Anderson, a Human Resources employee, that she continued to be discriminated against because she was disabled.

64.

Martin also complained to Roxanne Anderson that she was being retaliated against due to her previous complaints of disability discrimination.

65.

On July 5, 2022, Defendant terminated Martin.

66.

Defendant told Martin she was being terminated for her conduct.

67.

When Martin asked what that meant, Defendnat refused to provide additional information.

68.

Although Defendnat purports to provide legitimate non-discriminatory reasons for its adverse actions, these reasons are pre-text.

69.

Defendant retaliated against Martin for requesting and taking medical leave.

70.

Defendant retaliated against Martin for complaining of discrimination.

71.

Defendant took adverse actions against Martin because she was disabled.

72.

But for Martin's disability status, requesting and taking of FMLA leave, and/or Martin's complaints of discrimination, she would not have suffered any adverse employment actions.

73.

Others outside of Martin's protected class, i.e. employees who were not disabled, who had not needed or taken FMLA leave, and/or had not complained of discriminatory treatment, were treated differently.

74.

Martin was an individual with a disability as that term is defined by the Americans with Disabilities Act.

75.

Martin has a disability under the ADA.

76.

Defendant regarded Martin as disabled.

77.

Martin had a record or history of a disability.

## CLAIMS FOR RELIEF
## COUNT I: DISABILITY DISCRIMINATION IN VIOLATION OF ADA

78.

Martin re-alleges paragraphs 22-77 as if set forth fully herein.

79.

Martin has phsyical impairments which susbtntially limit one or more major life activities such as conentrating.

80.

Martin's phsycial impairments also substantially limit one or more bodily systems including her endocrine and neurologoical systems.

81.

Martin's physical impariments are disabilities under the ADA..

13

82.

Defendant was aware of at least one of Martin's disabilities.

83.

Defendant also regarded Martin as disabled.

84.

Martin also has a record of having a disability or perceived disability.

85.

Defendant was aware that Martin had a record of having a disability or perceived disability.

86.

Martin was qualified to perform the Senior Trainer role.

87.

At all times relevant to this action, Martin was a qualified individual with a disability as that term is defined by the ADA.

88.

Defendant terminated Martin because of her disability, perceived disability or record of having a disability.

89.

Defendant terminated Martin because of her need for a reasonable accommodation to treat or otherwise manage her disabilities.

90.

In terminating Martin for the aforementioned reasons, Defendant violated the ADA, as amended.

91.

Although Defendant purports to provide a legitimate non-discriminatory reason, that reason is a pre-text for disability discrmiination.

92.

Defendant treated other employees who were not disabled, regarded as disabled, or had a record of a disability differently.

93.

Defendant's actions in subjecting Martin to different terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 et seq., 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981A.

94.

Defendant has willfully and wantonly disregarded Martin's rights, and Defendant's discrimination against Martin was undertaken in bad faith.

95.

The effect of Defendant's conduct has been to deprive Martin of equal employment opportunity and has otherwise adversely affected her status as an employee buecase of her disability.

96.

As a direct and proximate result of Defendant's violation of the ADA, Martin has been made the victim of acts that have adversely affected her psychological and physical well-being.

97.

As a result of Defendant's discriminatory actions against Martin, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

98.

Martin is entitled to damages including  but not limited to back pay and lost benefits, reinstatement, compensatory damages,  equitable relief, attorneys' fees, costs of litigation and all other relief recoverable  under the ADA, as amended

99.

Defendant discriminated against Martin, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has

not only deprived Martin of equal employment opportunities, but exhibited malice or reckless indifference to Martin's federally protected rights.

100.

Martin   thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II: RETALIATION IN VIOLATION OF THE ADA

101.

Martin re-alleged paragraphs 22-77 and 79-88 as if set forth fully herein.

102.

Martin complained to Defendant that it was discriminating agianst her based on her disability. Plaintiff therefore engaged in protected activity.

103.

When Martin did so Defendant retaliated against her by terminating her.

104.

Defendant's retaliatory action was taken in close temporal proximity to complaints Martin had made.

105.

Defendant's proffered reasons for terminating Martin are pretext designed to hide Defendant's retaliatory motive.

106.

Defendant's retaliatory actions agianst Martin were in violation of the ADA, as amended.

107.

As a result of Defendant's retaliatory actions against Martin, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

108.

Martin is entitled to damages including  but not limited to back pay and lost benefits, reinstatement, compensatory damages,  equitable relief, attorneys' fees, costs of litigation and all other relief recoverable  under the ADA, as amended.

109.

Defendant discriminated and retaliated against Martin, and, in failing and refusing to take any appropriate remedial action, has not only deprived Martin of equal employment opportunities, but exhibited malice or reckless indifference to the federally of Martin.

110.

Martin thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III: FMLA RETALIATION

### 111.

Martin re-alleged paragraphs 22-39 and 41-77 as if set forth fully herein.

### 112.

Defendant is an emplyoer as defined by the FMLA.

### 113.

Martin was eligible for FMLA leave when she requested and took it.

### 114.

Martin worked at least 1250 hours for Defendnat within the 12 months preceding her request for medical leave persuant to the FMLA.

### 115.

Martin had been employed by Defendant for more than 12 monhts.

### 116.

Martin was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

### 117.

Martin was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

### 118.

Martin had a medical condition that required her to take time off work.

119.

Martin had a serious medical conidtion as defined by the FMLA.

120.

Martin had to undergo surgery to treat her thyroid condition.

121.

Defendant received notice of Martin's need for protected medical leave.

122.

Defendant granted Martin's request for medical leave.

123.

However, once Martin returned to full time work, Defendant retaliated against her, eventually terminating her.

124.

Martin's termination was causally related to her attempt to exercise or exercising her rights to protected medical leave.

125.

Martin's termination consitutes unlawful retaliation based on her attempt to take and taking of protected medical leave.

126.

As a direct and proximate result of Defendant's unlawful retaliation against Martin, Martin has been damaged and is entitled to the relief set forth in the Prayer for Relief below.

**WHEREFORE**, Plaintiff requests judgment as follows:

a) General damages for mental and emotional suffering caused by Defendant's misconduct;

b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

c) Special damages for lost wages and benefits and prejudgment interest thereon;

d) Reasonable attorney's fees and expenses of litigation;

e) Trial by jury as to all issues;

f) Prejudgment interest at the rate allowed by law;

g) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

h) Injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

i)  All other relief to which she may be entitled.

This 25th day of January, 2023.

BARRETT & FARAHANY
/s/ V. Severin Roberts
V. Severin Roberts
Georgia Bar No. 940504
*Attorney for Plaintiff*

P.O. BOX 530092
Atlanta, GA 30343-0092
T: (404) 214-0120
F: (404) 214-0125
severin@justiceatwork.com